**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-00955-CMA-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ZEN MAGNETS, LLC, and
SHIHAN QU,

    Defendants.

---

**ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO PRESERVE THE PRELIMINARY INJUNCTION UNTIL THE CASE IS DECIDED ON THE MERITS**

---

This matter is before the Court on the United States of America's[1] Motion to Preserve the Preliminary Injunction Until the Case is Decided on the Merits. (Doc. # 17.) Prior to filing the instant Motion, the CPSC conferred with Defendants, who indicated that they oppose the relief requested therein. (*Id.* at 1-2.) Accordingly, the Court waited for Defendants to file a Response explaining the basis for their opposition. However, no response has been filed as of June 11, 2015, and the Court's Preliminary Injunction is set to expire on June 13, 2015.

As explained in the Court's prior Order issuing the Preliminary Injunction, the CPSC brought this case seeking to stop Defendants from selling a particular "batch" of

---

[1] Throughout this Order, the Court refers to the United States as the "CPSC" (i.e., the Consumer Product Safety Commission).

ball- and cube-shaped magnets ("the Star Magnets"), as well as magnets that had been inseparably intermingled with the Star Magnets, on the basis that these magnets were subject to a Consent Agreement between the CPSC and a third party, Star Networks. (Doc. # 12.)

The Court has reviewed the Motion and agrees with the CPSC that a substantial likelihood remains that the Star Magnets are a consumer product subject to a voluntary correction by the CPSC, and concomitantly, that their sale or distribution remains unlawful under 15 U.S.C. § 2068(a)(2)(B).

It also agrees with the CPSC that the thirty-day time limit was erroneously applied here. This time limit was grounded in 15 U.S.C. § 2064(g), a provision allowing the CPSC to apply to a United States district court for the issuance of a preliminary injunction when the agency is pursuing a mandatory recall in an administrative proceeding under 15 U.S.C. § 2064(d). However, this is not an administrative proceeding, but rather, a proceeding brought under 15 U.S.C. § 2071(a)(1), to restrain Defendants from selling or distributing the Star Magnets in violation of the Consent Agreement the CPSC signed with Star Networks. 15 U.S.C. § 2071(a)(1) confers jurisdiction to the United States district courts to "[r]estrain any person from manufacturing for sale, offering for sale, distributing in commerce, or importing into the United States a product in violation of an order in effect under section 2064(d) of this title," and was the basis of the Court's jurisdiction in its initial Order issuing the Preliminary Injunction. (Doc. # 12 at 5.) 15 U.S.C. § 2071(a)(1) contains no time limitations for preliminary injunctions. Additionally, unlike a temporary restraining order,

which can issue without notice and expires within 14 days unless extended by the Court or the consent of the parties, a preliminary injunction cannot issue without notice and generally remains in effect until a final determination on the merits.  *See* Fed. R. Civ. P. 65(b)(2), (a)(1).  Therefore, the Preliminary Injunction is not subject to the thirty-day time limit at issue in 15 U.S.C. § 2064(g)(2).

Because a substantial likelihood remains Defendant's sale or distribution of the Star Magnets remains unlawful under 15 U.S.C. § 2068(a)(2)(B), it is ORDERED that the CSPC's Motion (Doc. # 17) is GRANTED, and pursuant to 15 U.S.C. § 2071(a)(1), the Preliminary Injunction the Court ordered on May 14, 2015 (Doc. # 12) SHALL remain in effect until this case is resolved on the merits.

DATED:      June 11, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge